

RECEIVED

2017 MAR 27  PM 1:24

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No.: __17-1-11JTF__ |
| | ) | 2:17-cr-20104 |
| vs. | ) | 21 U.S.C. § 331(a)-F |
| | ) | 21 U.S.C. § 333(a)(1) |
| **P&R PACKING LLC., and** | ) | 21 U.S.C. § 333(a)(2)-F |
| **JASON PRADO,** | ) | 21 U.S.C. § 334 |
| | ) | 21 U.S.C. § 853(p) |
| Defendants. | ) | 28 U.S.C. § 2461(c) |

### INFORMATION

**THE UNITED STATES ATTORNEY CHARGES:**

#### INTRODUCTION

1.  The United States Food and Drug Administration (hereinafter "the FDA") is the federal agency within the United States Department of Health and Human Services (hereinafter "HHS") charged with the responsibility for protecting the health and safety of the American public by enforcing the provisions of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301-399f, (hereinafter "FDCA").

2.  Under the FDCA, a "drug" includes an article (other than food) intended to affect the structure or any function of the body of man or other animals. 21 U.S.C. § 321(g)(1)(C).

3.  Under the FDCA, a drug is deemed to be misbranded if its labeling is false or misleading in any particular. See 21 U.S.C. § 352(a).

4.  The FDCA prohibits the introduction, delivery for introduction, or causing the introduction or delivery for introduction into interstate commerce of any drug that is misbranded. See 21 U.S.C. § 331(a).

5. Defendant **P&R PACKING, LLC,** was a company based in Spring, Texas within the Southern District of Texas, whose business included the illegal manufacture, sale and distribution of purported "dietary supplements" that were in fact misbranded drugs.

6. Defendant **JASON PRADO,** controlled and directed the business dealings of defendant **P&R PACKING, LLC**, whose duties included brokering, manufacturing, sales and distribution of misbranded drugs.

## COUNT 1

7. Paragraphs 1 through 6 of this Information are re-alleged and incorporated by reference as though fully set forth herein.

8. On or about May 30, 2013, in the Western District of Tennessee, and elsewhere, the defendant,

**P&R PACKING, LLC**

with intent to defraud and mislead, did cause to be introduced and delivered for introduction into interstate commerce from Texas to Tennessee, and elsewhere, drugs, namely the products "Formexx Black" and "Estrastain," which when introduced and delivered into interstate commerce were misbranded within the meaning of Title 21, United States Code, Section 352(a) in that their labeling was false and misleading in a particular, namely that the products were labeled as dietary supplements when in fact the products contained non-dietary ingredients including Androstatrienedione (1,4,6-Androstatriene-3, 17-dione or ADT) and Madol (Desoxymethyltestosterone), respectively.

All in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2).

## COUNT 2

9. Paragraphs 1 through 6 of this Information are re-alleged and incorporated by reference as though fully set forth herein.

10. On or about May 30, 2013, in the Western District of Tennessee, and elsewhere, the defendant,

## JASON PRADO

did cause to be introduced and delivered for introduction into interstate commerce from Texas to Tennessee, and elsewhere, drugs, namely the products "Formexx Black" and "Estrastain," which when introduced and delivered into interstate commerce were misbranded within the meaning of Title 21, United States Code, Section 352(a) in that their labeling was false and misleading in a particular, namely that the products were labeled as dietary supplements when in fact the products contained non-dietary ingredients including Androstatrienedione (1,4,6-Androstatriene-3, 17-dione or ADT) and Madol (Desoxymethyltestosterone), respectively.

All in violation of Title 21, United States Code, Sections 331(a) and 333(a)(1).

## FORFEITURE ALLEGATION

11. The United States Attorney re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 8 and Count 1 of this Information for the purpose of alleging forfeiture to the United States of America pursuant to Title 21, United States Code, Section 334 and Title 28, United States Code, Section 2461(c).

Upon conviction of any offense in violation of 21 U.S.C. § 331, the defendant, **P&R PACKING, LLC,** shall forfeit to the United States of America pursuant to Title 21, United States Code, Section 334 and Title 28, United States Code, Section 2461(c), any

quantities of the drugs "Formexx Black" and "Estrastain," which were misbranded when introduced into interstate commerce or while in interstate commerce, or while held for sale (whether or not the first sale) after shipment in interstate commerce, or which were introduced into interstate commerce in violation of Title 21, United States Code, Section 331.

12. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a) cannot be located upon exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without

difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture, which is $500,000.

All pursuant to Title 21, United States Code, Sections 334 and 853, and Title 28, United States Code, Section 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.

_____
LAWRENCE J. LAURENZI
ACTING UNITED STATES ATTORNEY

DATE: March 27, 2017

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No.: _____ |
| | ) | |
| vs. | ) | 21 U.S.C. § 331(a) |
| | ) | 21 U.S.C. § 333(a)(1) |
| P&R PACKING LLC., and | ) | 21 U.S.C. § 333(a)(2) |
| JASON PRADO, | ) | 21 U.S.C. § 334 |
| | ) | 21 U.S.C. § 853(p) |
| Defendant. | ) | 28 U.S.C. § 2461 |

## NOTICE OF PENALTIES

### COUNT 1

[nmt $500,000 fine; nmt 5 yrs. probation plus a mandatory special assessment of $400, see 18 U.S.C. § 3013(a)]

### COUNT 2

[nmt 1 yr. imprisonment; nmt 1 yr. supervised release, nmt $200,000 fine plus a mandatory special assessment of $25, see 18 U.S.C. § 3013(a)]